### MUELLER v. DAVIDSON.   (No. 7031.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 21, 1923.)

**Sales ⬢⇒384(7) — Measure of damages for breach of contract to buy hay stated.**

Where a seller of hay on buyer's breach, resold the hay at a price below the market value, the jury properly subtracted not only the sum received from the resale but the difference between the resale and the market price from the amount sued for, and awarded the difference.

Appeal from County Court for Civil Cases, Bexar County; McCollum Burnett, Judge.

Action by H. Davidson against H. Mueller. Judgment for plaintiff, and defendant appeals. Affirmed.

Chas. F. Guenther, Jr., of San Antonio, for appellant.

Boyle, Ezell & Grover, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant to recover damages arising from the breach of a contract for the purchase of 20 carloads of hay, made by and between appellant and appellee. Appellant answered by general demurrer and general denial. The cause was originally begun in the county court of Galveston county, but a

plea of privilege of appellant was sustained, and the cause was transferred to the county court for civil cases in Bexar county, where it was heard by a jury, resulting in a verdict and judgment in favor of appellee for $250.

The jury found in answer to special issues that appellee offered to sell the hay to appellant; that appellant accepted the offer; that in selling the hay after appellant refused it, about February 3, 1920, appellee did not get the highest market price, but that appellee had sustained damages in the sum of $250, because of the refusal of appellant to accept and pay for the hay. Appellee sued for $2.50 a ton, amounting in the aggregate to $497.13. That is. the jury, instead of allowing the sum of $2.50 a ton, as claimed by appellee, allowed only a little more than half that amount. The amount of the verdict can be accounted for only on the ground that the jury subtracted from the purchase price of $21.50, not only the $18.50 received by appellee when he resold the hay, but a further sum for failure to get the market value at the time. Appellee lost by this failure on his part the difference between $497.13 and $250 found by the jury, or the sum of $247.13.

We cannot entertain the proposition that the failure of appellee to get the full market value of the hay when he resold should cause him to lose all his damages, but he has been sufficiently punished by taking from him the difference between the amount he sold for and the market value at the time. The jury has done this, and returned a correct verdict. The amount of the resale could not be taken as the infallible guide to the amount of damages, but, unless it appears that the seller obtained all the market afforded, it was just and right to ascertain the true market value, and make that the criterion for ascertaining the damages.

The judgment is affirmed.